IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE G. BROCE PINILLA,**<br><br>     Plaintiff,<br><br>          v.<br><br>**INTERNATIONAL UNION BANK, LLC,**<br><br>     Defendant. | Case No.<br><br>RE: *Collection of Money*<br>     *Breach of Contract*<br>     *Damages*<br>     (Bench Trial) |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **NOW COMES**, Plaintiff, José G. Broce Pinilla, by his undersigned attorneys, and very respectfully STATES, ALLEGES, and PRAYS as follows:

   **I.   THE PARTIES**

   1.   Plaintiff, José G. Broce Pinilla, is of legal age, married, an attorney at law and resident of Panama City, Panama. His address is: PH Oceania Business Plaza, Torre 1000, 17th Floor, Panama City, Panama, 0831.

   2.   Defendant, International Union Bank, LLC ("IU Bank"), is a limited liability company, created and registered under the laws of the Commonwealth of Puerto Rico as an international bank, with its principal place of business located at 255 Ponce de Leon Av., Suite 1410, San Juan, Puerto Rico, 00917.

**II.    JURISDICTION AND VENUE**

3.    The diversity jurisdiction of this Honorable Court is invoked under the provisions of Title 28, United States Code, Section 1332(a)(1), and Article III, Section II of the Constitution of the United States, since the parties are citizens of different countries and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of costs and interest.

4.    Venue is appropriate in this Court pursuant to Title 28, United States Code, Section 1391, as this action is brought in the judicial district in which the Defendant resides and in which the events giving rise to this action occurred.

**III. THE FACTS**

5.    On November 20, 2020, Plaintiff opened an individual deposit bank account ("Cuenta Persona Natural") at IU Bank. The referenced account is numbered X-XXX-9069 and is in Plaintiff's name ("Plaintiff's account").

6.    From November 20, 2020, until March 2023, Plaintiff made numerous deposits into Plaintiff's account at IU Bank.

7.    As of September 26, 2023, Plaintiff's account had an available balance of Seventy Hundred Six Thousand Twenty-One Dollars with Fourteen Cents ($706,021.14).

8.    Since March 2023, Plaintiff has unsuccessfully attempted to withdraw all the money in Plaintiff's account.

9. Plaintiff has been in communication with IU Bank executives, specifically Mr. Luis Degwitz and Ms. Antonietta Puma, since then. Plaintiff has communicated via email, telephone, even attended meetings to get IU Bank to give him his money. All of Plaintiff's efforts have been futile.

10. As IU Bank continues refusing to disburse Plaintiff's funds, on September 26, 2023, Plaintiff wrote to IU Bank's Board of Directors demanding that it release his money.

11. On September 27, 2023, after being retained by Plaintiff, the undersigned counsel delivered a letter to IU Bank demanding release, within ten (10) days, of the amount in Plaintiff's account, which is being illegally held by IU Bank.

12. IU Bank did not comply with Plaintiff's request. On October 10, 2023, in a last attempt to obtain the disbursement of the finds held in deposit, the undersigned counsel sent another letter to IU Bank. Instead, IU Bank engaged legal representation who responded. The undersigned counsel provided a final term to issue payment, but none was sent and received.

13. IU Bank continues to delay the requested disbursement by offering unacceptable payment terms and deadlines.

14. At this time, IU Bank owes Plaintiff the amount of Seventy Hundred Six Thousand Twenty-One Dollars with Fourteen Cents ($706,021.14), plus legal interest accrued since March 2023.

**IV.   CAUSES OF ACTION**

**A. *Collection of Money and Breach of Contract***

15. During the month of November 2020, Plaintiff opened a personal banking account at IU Bank.

16. Per the terms and conditions of the banking agreement between Plaintiff and IU Bank, Plaintiff has the right to withdraw his money at will, up to the available balance in his account.

17. A person that contravenes their obligations to another must indemnify them for the damages caused. 31 P.R. Laws Ann. § 9303.

18. Plaintiff's account is not a fixed term savings account.

19. Plaintiff has attempted to withdraw his money from his account at IU Bank and Defendant has prevented him from so doing.

20. IU Bank's unwarranted refusal to allow Plaintiff to withdraw his money constitutes a breach of contract.

21. Under Article 1255 of the Civil Code of Puerto Rico, Plaintiff has the right to either terminate the contract if the other party is in default, or demand that it fulfills its obligations. Plaintiff can also demand payment for damages caused. 31 PR Laws Ann. § 9823.

22. The money in Plaintiff's account belongs solely to

4

Plaintiff.

23. At present, Plaintiff's account holds the amount of Seventy Hundred Six Thousand Twenty-One Dollars with Fourteen Cents ($706,021.14) of Plaintiff's money.

24. A person is in default since the moment the creditor demands fulfillment of the obligation, and the person does not comply. 31 PR Laws Ann. § 9311.

25. As the money in Plaintiff's account belongs to Plaintiff and not to IU Bank, defendant owes Plaintiff the amount of Seventy Hundred Six Thousand Twenty-One Dollars with Fourteen Cents ($706,021.14) plus legal interest since March 2023, when Plaintiff first attempted to withdraw his money.

26. IU Bank's debt to Plaintiff is liquid, due and payable.

### B. *Damages*

27. IU Bank's unwarranted and illegal withholding of the money held in Plaintiff's account has deprived Plaintiff of the use of his money since March 2023.

28. A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. 31 PR Laws Ann. $10801.

29. Due to IU Bank's unwarranted and illegal withholding of Plaintiff's money, Plaintiff has suffered, among others, deprivation of the right to use his money, liquidity issues, and

5

lost business opportunities, and an adverse impact on the operations of his legal profession in Panama, which value shall be determined by the Court, but which amount to no less than SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00).

30. Further to the economic losses suffered by Plaintiff, IU Bank's concerted and purposeful actions have caused him mental pain and suffering.

31. Compensation is appropriate for proven suffering and mental anguish, provided that these could have been foreseen at the time the obligation was created and are a necessary consequence of its breach. Muniz-Olivari v. Stiefel Labs., 174 D.P.R. 813, 821, 2008 TSPR 152 (2008) (citing Colón v. Glamorous Nails, 167 D.P.R. 33 (2006))

32. Plaintiff has, among other things, suffered intense stress and preoccupation.

33. It is foreseeable that IU Bank's deliberate actions would cause mental pain and suffering to someone who relies on the fulfillment of a deposit contract.

34. Plaintiff's mental anguish and suffering is valued in an amount of no less than ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00).

### V. PRAYER FOR RELIEF

35. Based on the foregoing averments, which are true and correct, **Plaintiff prays** that the Court finds and orders that:

6

a. IU Bank owes Plaintiff the amount of Seventy Hundred Six Thousand Twenty-One Dollars with Fourteen Cents ($706,021.14), plus legal interest calculated since March 2023, payable immediately.

b. IU Bank's debt to Plaintiff is liquid, due and payable.

c. IU Bank's illegal and unjustified withholding of Plaintiff's money deposited in Plaintiff's account constitutes breach of contract.

d. IU's purposeful and unlawful withholding of Plaintiff's money deposited in Plaintiff's account has caused Plaintiff to suffer economic damages and mental anguish and suffering, estimated in the amount of $700,000.00, and $150,000.00, respectively.

36. Plaintiff further prays that the Court enter judgment ordering IU Bank to pay the amounts stated before, with the imposition of costs, expenses, and attorney's fees.

**WHEREFORE,** Plaintiff, José G. Broce Pinilla, respectfully requests that the Honorable Court grant the instant Complaint and enter judgment against IU Bank as requested above.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, on October 17, 2023.

**WE HEREBY CERTIFY** that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, all CM/ECF participants in the case. Service to Defendant, International Union Bank, LLC, is made by through its designated resident agent, The Prentice-Hall Corporation System, Puerto Ric, Inc., in accordance with Fed. R. Civ. Proc. R. 4(h).

*/s/Ramón Coto-Ojeda*
USDC-PR No. 202006
rco@crlawpr.com

*/s/ Edna E. Pérez Román*
USDC-PR No. 213306
epr@crlawr.com

**COTO & ASSOCIATES**
Counsel for Plaintiff
MCS Plaza, Suite 800
255 Ponce de León Ave.
San Juan, P.R. 00917
PO Box 71449
San Juan, P.R. 00936-8549
Tel: (787) 756-9640
Fax. (787) 756-9641