IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE G. BROCE PINILLA,**<br><br>    Plaintiff,<br><br>v.<br><br>**INTERNATIONAL UNION BANK, LLC,**<br><br>    Defendant. | Case No. 23-01525(RAM-GLS)<br><br>RE: *Collection of Money*<br>    *Breach of Contract*<br>    *Damages*<br>    (Bench Trial) |

**MOTION SEEKING DETERMINATION OF ADMISSIBILITY UNDER FED. R. EVID. 104 AND REQUEST THAT THIS HONORABLE COURT ALLOWS PLAINTIFF TO TESTIFY, IF NECESSARY, AT THE EVIDENTIARY HEARING REMOTELY**

**TO THE HONORABLE MAGISTRATE JUDGE:**

**NOW COMES**, Plaintiff, José G. Broce Pinilla ("Mr. Broce" or "Plaintiff") by his undersigned attorneys, and very respectfully states and prays:

1. Pending before the Honorable Magistrate Judge is Plaintiff's *Motion for an ex parte order of attachment* [**Docket No. 2**]. Although duly supported and fully warranted, the Court ordered the Magistrate Judge to schedule an evidentiary hearing on that motion, which will take place on Tuesday, November 21, 2023, at 9:30 am. [**Docket No. 17.**]

2. In preparation for the evidentiary hearing, Mr. Broce asks that, pursuant to Fed. R. Evid 104, the Magistrate Judge find that his statement under penalty of perjury of the laws of

the United States of America, submitted in support of the Motion for an *ex parte* order of attachment [**Docket No. 2; Exhibit A**] be deemed admissible for the purpose of establishing the following:

    a. That he is the owner of the deposit account numbered x-xxx-9069, at International Union Bank, LLC ("IU Bank").

    b. That Plaintiff's account is not a fixed term deposit account.

    c. On September 26, 2023, Mr. Broce's account at IU Bank held in deposit the amount of Seventy Hundred Six Thousand Twenty-One Dollars with Fourteen Cents ($706,021.14), as it appears on the screenshot of his account at IU Bank that was also included as part of Plaintiff's declaration.

    d. That Mr. Broce signed his unsworn declaration under penalty of perjury of the laws of the United States of America on October 17, 2023, in Dubai, United Arab Emirates.

    3.    Per Rule 104, "the court must decide any preliminary question about whether a witness is qualified… or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege". It is indisputable that the statements contained in Mr. Broce's declaration under penalty of perjury are relevant and credible. Even IU Bank admits as much

by stating, "Plaintiff's personal account ending in 9069 did not have $706,021.14 in deposits until September 26, 2023." [**Docket No.14, p. 3 ¶11.**]

4.   This is further evidenced by the email dated October 30, 2023, wherein Ms. Antonietta Puma, representative of IU Bank, requested that Mr. Broce initiate a transfer equivalent to 25% of the available balance of his account. Ms. Puma also indicated that a transfer of the remaining balance on his account ($529,549.42), should be completed by Friday, November 10, 2023. [**Docket No. 19, Exhibit A**.]

5.   Plaintiff also complied with the prior notice requirement of the residual hearsay exception rule contained in Fed. R. Evid 807(a).

6.   In fact, on October 27, 2023, just a couple of hours after the Hon. Raúl Arias Marxuach referred the Motion for a hearing before this Honorable Magistrate, [**Docket No. 8 and 9**], Plaintiff provided to UI Bank's counsel reasonable and timely written notice, under Fed. R. Evid. 807 (b), the Bank being the party adverse to this action, of his intent to offer his Unsworn Declaration Under Penalty of Perjury, dated October 17, 2023, that includes as its exhibit, a screenshot from the Bank's internet page showing that the available balance of Plaintiff's account NO. XXX-6069 is $706,021.14, as a statement admissible under the Residual Exception of Rule 807(a). Plaintiff further

indicated that these documents will be offered as evidence to include the substance of the facts, and the that name of the declarant is Mr. Broce-Pinilla. The notice, as required by the Rule, was provided, so that the Bank has a fair opportunity to meet it. See **Exhibit A**.

7. On October 30, 2023, Counsel for the Bank sent a written objection to the undersigned counsel regarding the Notice made. However, as indicated to counsel for the Bank, the decision of whether the same is admissible rests on the discretion of the Court. See **Exhibit B.**

8. Plaintiff submits that his unsworn declaration under penalty of perjury under the laws of the United States of America is "supported by sufficient guarantees of trustworthiness… and is more probative on the point[s] for which it is offered that any other evidence the proponent can obtain".

9. Further proof of the admissibility of the declaration appears on the record of this case in documents and filings submitted by both parties.

10. Therefore, it is Plaintiff's position that his unsworn declaration under penalty of perjury of the laws of the United States of America should be declared authentic, and admissible into evidence by the Magistrate Judge at the evidentiary hearing presently scheduled for November 21, 2023. It is also Plaintiff's position that he has established by the

preponderance of the evidence that his declaration is admissible under Fed. R. Evid. 104 (a).

11. In its Opposition to Plaintiff's motion for ex-parte order of attachment [**Docket No. 14**], IU Bank raised certain unfounded arguments in an attempt to defeat the request made by Plaintiff. Plaintiff will address this Opposition in his Reply that is due to be filed by Friday, November 17, 2021, if necessary. Plaintiff is also willing to testify during the evidentiary hearing and clarify any alleged misstatements made by the Bank in its Opposition.

12. However, for the past month, Plaintiff has been and continues to be in Dubai, United Arab Emirates, on business. Due to prior unbreakable engagements, Mr. Broce Pinilla cannot travel to Puerto Rico to attend the evidentiary hearing personally. For that reason, Plaintiff respectfully requests that the Magistrate Judge allow him to appear via ZOOM, Teams, or any other electronic platform, that is convenient for the Magistrate Judge, opposing counsel, and witnesses.

13. Plaintiff and the undersigned certify that Mr. Broce Pinilla's inability to personally appear for the evidentiary hearing is real and justified and not intended to affect the nature of the hearing in any way.

**WHEREFORE**, Plaintiff Jose G. Broce Pinilla very respectfully requests that this Honorable Court: (1) Declare

Plaintiff's unsworn declaration under penalty of perjury of the laws of the United States of America authentic and admissible into evidence during the evidentiary hearing, pursuant to Fed. R. Evid 104; (2) Declare Plaintiff's unsworn declaration under penalty of perjury trustworthy under the residual exception to the Hearsay Rule, pursuant to Fed. R. Evid 807; and (3) allow Plaintiff to appear at the evidentiary hearing via ZOOM, Teams, or any other electronic platform which suits the Court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on November 15, 2023.

**WE HEREBY CERTIFY** that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, all CM/ECF participants in the case.

**COTO & ASSOCIATES**
MCS Plaza, Suite 800
255 Ponce de León Ave.
San Juan, P.R. 00917
PO Box 71449
San Juan, P.R. 00936-8549
Tel.: (787) 756-9640
Fax: (787) 756-9641

*/s/Ramón Coto-Ojeda*
USDC-PR No. 202006
rco@crlawpr.com

*/s/Edna E. Pérez-Román*
USDC-PR No. 213306
epr@crlawpr.com